ORTEGA, P. J.
*736 Defendant appeals a judgment of conviction for unlawful possession of methamphetamine, ORS 475.894, assigning error to the trial court's denial of her motion to suppress evidence discovered in her purse after police stopped a car in which she was a passenger. Defendant asserts that the officer unlawfully seized her purse, lacking probable cause to believe that it contained evidence of a crime, and thereby violated her rights under Article I, section 9, of the Oregon Constitution. The state counters that the officer developed probable cause to believe that the car contained illegal substances and, because defendant failed to prove that she had a possessory interest in the purse, the officer lawfully seized it as a container in the car until he could obtain a warrant. In reviewing the denial of the motion to suppress for legal error, State v. Ehly , 317 Or. 66, 74-75, 854 P.2d 421 (1993), we conclude that because the officer had probable cause to seize the car and the containers inside it, the purse was lawfully seized pursuant to the exigency exception to the warrant requirement. Accordingly, we affirm.
We state the relevant facts consistently with the trial court's findings that are supported by evidence in the record. Ehly , 317 Or. at 75, 854 P.2d 421. Several law enforcement officers, including Detective Fields, were conducting surveillance of a house where they believed a wanted fugitive was hiding. While they were watching the house, a white Escalade circled the neighborhood three times and then parked around the corner from the house and waited, raising the officer's suspicions. Shortly thereafter, an officer saw two people leave the house-one of them matching the description of the wanted fugitive-and head toward the Escalade. The officers could not see if they got into the Escalade, but officers heard the tires squeal and, when they approached the area, the Escalade and both people were gone. Fields testified that in his experience investigating fugitives facing serious charges, it is "not *503 uncommon to *** [see] a vehicle that would come, circle a neighborhood, make sure there were no police, make sure no one [was] around, check things out, stop away from the location, *** in case anyone was watching the house ***. And then the car takes off." Other *737 officers caught up with the Escalade and observed it making numerous evasive maneuvers, eventually crashing into the side of a building.
After the crash, officers approached the Escalade, which contained three passengers along with the driver. Defendant, the front-seat passenger, fled on foot as soon as the car stopped, but, almost immediately, she complied with the officers' request to stop and return to the car. The officers discovered large sums of cash on the driver and the wanted fugitive, and a "user amount" of heroin on the fugitive. The officers were aware that both the fugitive and the driver had past convictions for delivery of controlled substances. They allowed the other female passenger in the back seat to leave after she consented to a search of her purse and Fields found nothing illegal in it.
Fields also told defendant that she was free to leave. Defendant asked if she could have her purse, which was located on the floorboard of the front seat. Fields reached into the car, removed the purse, but did not hand it to defendant because it was heavy. He suspected that, because of the weight, some type of "dense metal" was in the purse. Fields also noticed a small padlock on the purse, which he thought was unusual. He asked defendant to consent to a search, but she refused. He told her that he wanted to search the purse because he had to ensure that there were "no guns or drugs or anything like that" after discovering that other people in the car had cash and drugs on them. At the suppression hearing, Fields testified that, based on his experience, it is common for one person to pass along contraband to another person in a car when the car is stopped. He told defendant that if there was nothing in the purse, he would give it back to her and she could leave. Defendant continued to refuse consent and, when she continued to ask for her purse, Fields responded that he would arrest her for trespassing. Defendant then left. Fields obtained a search warrant for the car and the containers inside it, which included defendant's purse, and the ensuing warrant search revealed methamphetamine and a handgun in the purse. Defendant was charged with possession of methamphetamine.
*738 At the hearing on the motion to suppress, the parties argued about whether Fields had probable cause to seize defendant's purse and whether the search warrant was valid. Although the state challenged defendant's possessory interest in the purse, the court did not explicitly decide that issue; it did conclude that, regardless of defendant's possessory interest in the purse, "there was probable cause for retaining the bag pending [an] application for a search warrant, and *** the warrant was validly issued." Based on the totality of the circumstances, including "the evasive behavior or the evasive maneuvering of the vehicle" and "the people inside it," the court concluded that "it was *** objectively reasonable for the officers to conclude that there would be contraband in closed containers in the vehicle" and found that "there was probable cause to search closed containers in that vehicle," including the purse.
Defendant waived her right to a jury trial and proceeded to a stipulated facts trial, reserving her right to appeal the trial court's ruling. The court found her guilty and entered a judgment of conviction.
On appeal, defendant asserts the same arguments for suppression that she did below, except she has not pursued any challenge to the validity of the warrant. She argues that the evidence discovered during the search of her purse was unlawfully obtained because Fields lacked probable cause to seize her purse before obtaining the search warrant. She asserts that the unlawful seizure occurred once Fields refused to hand her the purse after she asked for it and that the weight of her purse, the padlock on it, and her association with people with drug convictions or who possess heroin did not provide a "substantial objective basis for believing more likely than not" that her purse contained evidence of a crime. According to defendant, Fields's refusal to give her the purse significantly interfered with her possessory *504 interest and, because Fields's subjective belief that her purse contained evidence of a crime was not objectively reasonable, he lacked probable cause to seize it.
In response, the state asserts that defendant lacked the requisite possessory interest to challenge the lawfulness of the seizure of the purse because Fields did not see her in *739 possession of the purse and "had no basis for believing defendant's assertion [that] the purse was hers." Additionally, the state argues that probable cause existed to believe that closed containers in the vehicle contained contraband given Fields's observations and his training and experience. Due to the weight of the purse, the padlock on it, and Fields's testimony that it is common to hand contraband to another person in a car when the car is stopped, the state asserts that Fields's expertise gave rise to probable cause to seize the purse and that defendant's request to take her purse out of the car and away from the scene created an exigency to justify seizing the purse pending receipt of a warrant. The state also notes that, by signing the search warrant, the magistrate implicitly agreed that Fields had probable cause to search containers located in the car. Alternatively, the state argues that even if defendant had a possessory interest in the purse, Fields's search of it was justified under the automobile exception.[1] We conclude that Fields had probable cause to seize the vehicle and containers inside it that could have contained contraband, including defendant's purse. We also conclude that an exigency justified seizing the purse pending receipt of a warrant.
To seize property under Article I, section 9, a police officer must obtain a warrant that is supported by probable cause unless an exception to the warrant requirement applies. State v. Kosta , 304 Or. 549, 553, 748 P.2d 72 (1987). Even under the well-recognized exceptions to the warrant requirement, a seizure must be supported by probable cause, id. , and in order to meet that standard, the officer's subjective belief "that a crime has been committed and thus that person or thing is subject to seizure" must be objectively reasonable based on the totality of the circumstances. State v. Vasquez-Villagomez , 346 Or. 12, 23, 203 P.3d 193 (2009) (internal citations omitted).
Exigent circumstances can justify a seizure without a warrant. "An exigent circumstance is a situation that requires the police to act swiftly to prevent danger to life or serious damage to property, or to forestall a suspect's escape *740 or the destruction of evidence." State v. Stevens , 311 Or. 119, 126, 806 P.2d 92 (1991). Where there is a distinct possibility that someone is present who might attempt to remove evidence before the officer can obtain a warrant, that creates an exigency justifying the seizure of an item. State v. Greene , 285 Or. 337, 345, 591 P.2d 1362 (1979).
Here, the record supports the trial court's conclusion that Fields had probable cause to believe that the Escalade and the containers inside it contained contraband. One person in the car possessed a user amount of heroin; two people were carrying large sums of cash; and the Escalade had circled the neighborhood, left the neighborhood quickly with a wanted fugitive, and then engaged in evasive maneuvers before finally crashing into a building. Based on those facts, we conclude that Fields's subjective belief that the car contained evidence of a crime-specifically, contraband-was objectively reasonable and therefore the seizure of defendant's purse, until he obtained a warrant, was lawful. See State v. Heckathorne , 347 Or. 474, 484-85, 223 P.3d 1034 (2009) (noting that a probable cause determination for a warrantless search can be based on an individual's training and expertise that "provide[s] the knowledge that turns various sensory clues into probable cause").
Although on appeal the parties focused their arguments on whether or not defendant had a possessory interest in the purse, we need not resolve that issue because it has no bearing on whether Fields had probable cause to seize the Escalade and its contents, including the purse. Defendant's request to remove her purse from the vehicle created an *505 exigency, and because we conclude that Fields did have probable cause, he lawfully seized the purse under Article I, section 9, before obtaining the warrant. Compare State v. Nicholson , 89 Or. App 306, 311-12, 748 P.2d 1028, rev. den. , 305 Or. 672, 757 P.2d 421 (1988) (finding no exigency where the record did not indicate that someone attempted to remove evidence from a car, which would have created the exigency justifying a seizure of the car or the items in it). Therefore, the trial court did not err in denying defendant's motion to suppress.
Affirmed.

We need not address the automobile exception because we ultimately agree with the state that exigent circumstances justified the seizure of the purse.